# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHID BISSAT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF VISALIA, A CALIFORNIA MUNICIPAL CORPORATION AND CHARTER CITY<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:21-cv-01649-JLT-SKO<br><br>**ORDER VACATING SETTLEMENT CONFERENCE AND REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILING TO COMPLY WITH THE COURT'S ORDER**<br><br>**ORDER PROVIDING DEFENDANT 10 DAYS TO SUBMIT A MOTION FOR FEES**<br><br>**TEN DAY DEADLINE** |

### Procedural Background

On November 12, 2021, Plaintiff Rashid Bissat filed the complaint in this action. (Doc. 1.) Defendant City of Visalia filed its answer on March 4, 2022. (Doc. 8.) On December 19, 2022, the Court set a Settlement Conference for May 11, 2023, and issued an "Order re Settlement Conference." (Docs. 14, 15). The order required the parties to submit a confidential settlement statement to the Court no later than fourteen days before the conference date. (Doc. 15 at 2.) The Court did not receive a statement from Plaintiff but received Defendant's confidential statement in a timely manner.

The parties were also required to appear for a pre-settlement telephonic discussion with the undersigned on May 4, 2023. (*See id.* at 4.) Defendant appeared but Plaintiff failed to appear.

On May 8, 2023, the Court issued an order resetting the Settlement Conference and requiring

1  Plaintiff to demonstrate why the Court should not issue sanctions for failing to comply with the
2  Court's previous order. (Doc. 17) (the "First Order to Show Cause"). Plaintiff's attorney Zishan
3  Lokhandwala filed a declaration on May 17, 2023 (Doc. 18), explaining that the failure to submit a
4  confidential settlement conference statement and to appear at the pre-settlement telephonic
5  conference was due to their "lack of familiarity with this Court as this is [their] first case before this
6  Court." (*Id.* at 2.) The Court discharged the First Order to Show Cause. (Doc. 19.) The Court
7  noted that "familiarity with this Court's local rules, orders, and procedures is a requirement to
8  practice in this Court (*see* E.D. Cal. Local Rule 180), and [the Court] CAUTIONS Attorney
9  Lokhandwala that strict compliance with these rules, orders, and procedures is expected going
10 forward; any further 'lack of familiarity' will not be countenanced." (*Id.*)

11      The Court issued an Amended Order re Settlement Conference on October 10, 2023, setting
12 a Settlement Conference for November 21, 2023. (Doc. 20). The order required the parties to
13 submit a confidential settlement statement to the Court no later than fourteen days before the
14 conference date (*Id.* at 2). Plaintiff again failed to submit a confidential settlement conference
15 statement. The order also required the parties to appear for a pre-settlement telephonic discussion
16 with the undersigned on November 14, 2023. (*Id.* at 4). Defendant appeared, and Plaintiff did not.
17 (*See* Doc. 23). Defendant indicated that Plaintiff had been nonresponsive to their communications.
18 The Court continued the Settlement Conference to February 13, 2024. (Doc. 23).

19      On November 17, 2023, the Court issued an order resetting the Settlement Conference and
20 requiring Plaintiff to demonstrate why the Court should not issue sanctions for failing to comply
21 with its order. (Doc. 23) (the "Second Order to Show Cause"). Mr. Lokhandwala filed a declaration
22 on November 27, 2023 (Doc. 24), explaining that "the hearing date and submission deadline were
23 not properly calendared in our firm's cloud-based docketing software due to an administrative error
24 by my office: an error, potentially, that was caused by the confusion engendered when I missed the
25 court's first deadline in this matter, exacerbated by its coevality with a major staff turnover in this
26 office last spring." (Doc. 24 at 2). Mr. Lokhandwala noted his mistake "was not intentional, nor
27 was such failure due to misunderstanding of the Rules of Federal Civil Procedure, or this court's
28 order." (Doc. 24 at 2). The Court discharged the Second Order to Show Cause noting "Attorney

1 Lokhandwala has failed to comply with Court orders twice now.  The Court ADVISES Attorney
2 Lokhandwala they will not receive additional warnings, and the Court will not tolerate future
3 missteps." (Doc. 25).

4       The Court issued its Second Amended Order re: Settlement Conference on December 1,
5 2023 (Doc. 26) setting a telephonic pre-settlement conference for February 7, 2024, and requiring
6 the parties to submit confidential settlement conference statements a week before the call (as the
7 Court had done twice before).  (Doc. 26).  Both parties complied with the order, but because the
8 Court found that a settlement conference on February 13, 2024, would not be productive based on
9 the attorneys' representations at the telephone conference, the Court continued the Settlement
10 Conference to March 12, 2024.  (Doc. 30).

11       Following the pre-settlement telephonic conference, the Court issued the Third Amended
12 Order re Settlement Conference.  (Doc. 30).  In the order, the Court required the parties to submit
13 updated confidential settlement conference statements by February 28, 2024, and to attend a pre-
14 settlement telephonic conference on March 5, 2024, in line with its previous orders. (Doc. 30). The
15 order provided:

16     **7.**    **Pre-Settlement Telephonic Conference**

17 Prior to the Settlement Conference, Magistrate Judge Oberto will hold a brief, telephonic discussion on **March 5, 2024, at 4:00 PM (dial-in number: 1-888-557-
18 8511; passcode: 6208204#)**. Only attorneys and unrepresented parties are required to participate in the conference.
19

20 (Doc. 30 at 4).  Both parties submitted their updated confidential settlement conference statements.
21 (*See* Docs. 31, 32).  Defendant appeared for the telephonic pre-settlement conference, and Plaintiff
22 did not.  (*See* Doc. 33).

23 <u>**Order to Show Cause**</u>

24       The Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of
25 a party to comply with these Rules or with any order of the Court may be grounds for imposition by
26 the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
27 Court."  Local Rule 110.  Plaintiff is required to show cause why sanctions should not issue for the
28 failure to appear for the pre-settlement telephonic discussion in compliance with the Court's order

(Doc. 30) -- especially considering Plaintiff's earlier warnings from the Court. Defendant may file time records, billing statements, and a motion for attorney's fees that complies with the Local Rules for the Court's consideration within ten (10) days of this order.

### Continuance of Settlement Conference

In light of Plaintiff's failure to comply with the Court's order (Doc. 30), the March 12, 2024, the settlement conference will be vacated. Following resolution of this Order, the undersigned will issue another order resetting the Settlement Conference.

**Failure to comply with this order may be grounds for the imposition of sanctions on any and all counsel as well as any party or parties who cause non-compliance with this order.**

### Order

Accordingly, IT IS HEREBY ORDERED that:

1. The settlement conference set for March 13, 2024, before Magistrate Judge Sheila K. Oberto is VACATED.
2. Within ten (10) days from the date of service of this order, Plaintiff shall show cause in writing why sanctions should not issue for the failure to comply with the Order.
3. Defendant shall have seven (7) days to submit its time records, billing statements, and a motion for attorney's fees for the Court's consideration.
4. If Defendant files a motion for attorney's fees, Plaintiff shall have five (5) days to file a response.

IT IS SO ORDERED.

Dated:   **March 7, 2024**                          /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

4