**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RASHID BISSAT, | Case No.: 1:21-cv-01649 – JLT-SKO |
| Plaintiff, | PRETRIAL ORDER |
| v. | Deadlines: |
| CITY OF VISALIA, *a California Municipal Corporation and Charter City*, | Defense Opposition to Motions in Limine: April 12, 2024 |
| Defendant. | Trial Submissions: April 30, 2024 |
| | Jury trial: May 7, 2024, at 8:30 a.m., 2-3 days estimate |

On March 25, 2024, the Court conducted a final pretrial conference. Zishan Lokhandwala appeared as counsel for plaintiff; Leonard Herr and Caren Curtiss appeared as counsel for defendant. Having considered the parties' objections, the court issues this tentative pretrial order.

Rashid Bissat is a "successor" to the owner of residential real property located at 1932 South University Street, Visalia, CA, which contains a patio and structural enclosure thereon. (Doc. 1 at ¶ 6.) Bissat alleges that Defendant City of Visalia violated the parties' Stipulated Agreement by sending Bissat an Administrative Enforcement Order ("AEO"), imposing a $6,300.00 fine for the Property's alleged municipal ordinance violations. Additionally, Bissat asserts Visalia deliberately failed to send him the notice. (*Id.* at ¶¶ 14–27.)

Bissat's Complaint asserts three causes of action: (1) breach of contract; (2) interference with federally protected or state protected rights, brought under California's Bane Civil Rights Act, Cal.

1

Civil Code § 52.1; and (3) deprivation of procedural due process rights, brought under 42 U.S.C. § 1983.

**A.   JURISDICTION/ VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction for Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367. In addition, Defendant is the City of Visalia, and the events that gave rise to this action occurred in the same location. Accordingly, venue is proper in the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1391(b).

**B.   JURY TRIAL**

The parties demanded a jury trial in this matter. (Docs. 1, 39 at 2.) The jury trial will consist of eight jurors.

**C.   UNDISPUTED FACTS**

1. Defendant Visalia is a public entity existing under the laws of the State of California.
2. The personal residence of Plaintiff Rashid Bissat is and at all times material hereto is 1511 North Noyes Avenue, Visalia, CA 93291.

**D.   DISPUTED FACTS**

1. Whether the Defendant City of Visalia complied with the mandatory minimum due process requirement that plaintiff Rashid Bissat be given notice of any alleged violation of ordinances duly enacted and in force by defendant City of Visalia advising him of the allegations and of his opportunity to be heard in opposition to such violations.
2. Whether the Defendant City of Visalia provided adequate notification and opportunity to be heard in opposition to Rashid Bissat to accord with due process constitutionally mandated by Amendment XIV of the United States Constitution prior, or subsequent to depriving him of property: to wit funds in the sum of $6,300.00 by way of civil penalty imposed for an alleged violation of ordinances duly enacted and in force by defendant City of Visalia.
3. Whether any failure of Defendant City of Visalia to give adequate notice to comply with the mandatory minimum due process requirement that plaintiff Rashid Bissat be

given adequate notice of any alleged violation of ordinances duly enacted and in force by Defendant City of Visalia advising him of the allegations and of his opportunity to be heard in opposition to such violations actually deprived Bissat of property without according him due process of law in derogation of his right to such due process secured by Amendment XIV of the United States Constitution.

4. Whether Plaintiff Rashid Bissat was prepared to present a significant and viable defense asserting that the modification in question had been "grandfathered in" (i.e. the patio and enclosure on Bissat's property, located at 1932 South University Street, Visalia, CA, had been certified by Visalia in January 1969, suggesting any modifications were in compliance with existing regulations at the time, and thus should not be subject to current enforcement action as alleged violations) had Plaintiff been adequately notified of the AEO and the corresponding hearing date.

5. Whether Plaintiff has suffered any damages as the result of City's conduct.

6. Whether Visalia breached the Stipulated Agreement in filing a Declaration of Substandard Building with the County Recorder's Office and / or encumbering the real property located at 1932 South University Street, Visalia, CA 93277 with a Cloud on Title;

7. Whether Visalia promised to abstain from such in exchange for entering into the Stipulated Agreement;

8. Whether Visalia was required to provide notice reasonably calculated to provide actual service under the circumstances of the May 2020 30-Day Notice and/or October 2020 Administrative Enforcement Order(s) which would have noticed Plaintiff of his opportunity to appeal City's imposition of the order.

9. Whether service of the October 28, 2020 Administrative Enforcement Order was served on Plaintiff in compliance with Visalia Municipal Code §1.13.070(C)(1).

10. Whether Visalia interfered with Plaintiff's federally protected or state protected rights under California Civil Code § 52.1;

11. Whether Visalia deprived the Plaintiff of his federally protected rights under 42 U.S.C. § 1983;

12. Whether Plaintiff has suffered any damages as the result of Visalia's Conduct, and,

13. Whether Plaintiff performed all conditions required to be performed under the terms of a Stipulated Agreement.

**E.    DISPUTED LEGAL ISSUES**

1. Whether Visalia breached the Stipulated Agreement.
2. Whether Visalia interfered with Plaintiff's federally protected or state protected rights under California Civil Code § 52.1.
3. Whether Visalia deprived the Plaintiff of his federally protected rights under 42 U.S.C. § 1983.

**F.    DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE**

Both parties have filed motions in limine regarding the evidence to be used at trial as follows

**Plaintiff: (Doc. 41)**

1. To prohibit reference of any kind to any stipulated agreement on the basis that such agreement is irrelevant to the issues or, if marginally relevant, is outweighed by its potential for undue prejudice, delay, or obfuscation of issues to be submitted to the jury for verdict.
2. To prohibit reference of any kind to any evidence in support, or derogation of the allegations in the Administrative Enforcement Order(s) that is the subject of this litigation.

**Defendant:**

1. The defense motions in limine (Doc. 40) were discussed at the hearing. The plaintiff did not oppose any of the motions. The Court granted the motions on the record.

Any opposition to the plaintiff's motions in limine **SHALL** be filed with the Court no later than **April 12, 2024**. No reply brief may be filed. Upon receipt of the opposition brief, the court will notify the parties if it finds a hearing is needed.

**G.    SPECIAL FACTUAL INFORMATION**

None.

**H.    RELIEF SOUGHT**

      **1. Plaintiff**

Plaintiff seeks compensatory relief for damages sustained as a result of Defendant's improper imposition of a fine through an Administrative Enforcement Order, for which Plaintiff was never properly served. Plaintiff also seeks the costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988 and/or California Civil Code § 52(i), should it prevail in this action.

      **2. Defendant**

Defendant seeks a defense verdict, and costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988, should it prevail in this action.

**I.    ABANDONED ISSUES**

Plaintiff represents that he abandons his First Cause of Action for Breach of Contract. At the hearing, however, the defense indicated it objects to the proposed amendment to the pleading. Thus, plaintiff SHALL meet and confer with the defense as to this issue.

**J.    WITNESSES**

1.    The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL FOR ANY PURPOSE INCLUDING IMPEACHMENT OR REBUTTAL, UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

      **1. Plaintiff's Witnesses**

- Rashid Bissat
- Shilo Bissat
- Roy Kendall
- David Magana
- Patricia Duran
- Tracy Robsertshaw
- Tommy Contreras

**2. Defendants' Witnesses**

- Tracy Robertshaw
- Tommy Contreras
- Rashid Bissat
- Shilo Bissat
- Patricia Duran
- Kendall Wong, M.D.
- Roy Kendall
- David Magana

2. **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

    b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

3. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    a. The witness could not reasonably have been discovered prior to the discovery cutoff;

    b. The court and opposing parties were promptly notified upon discovery of the witness;

    c. If time permitted, the party proffered the witness for deposition; and

    d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**K.   EXHIBITS, SCHEDULES AND SUMMARIES**

Plaintiff's Exhibits are those listed in the Plaintiff's Exhibit List, as set forth in the parties' Joint Pretrial Statement. (Doc. 39 at 8–9.) The Court incorporates Plaintiff's Exhibit List by reference and

will refer to them as "Attachment A" to this Order.

Defendant's Exhibit List are those listed in Defendant's Exhibit List, as set forth in the parties' Joint Pretrial Statement. (Doc. 39 at 7–8.) The Court incorporates Plaintiff's Exhibit List by reference and will refer to them as "Attachment B" to this Order.

NO EXHIBIT, OTHER THAN THOSE LISTED IN ATTACHMENTS A-C, MAY BE ADMITTED AT TRIAL FOR ANY PURPOSE INCLUDING IMPEACHMENT OR REBUTTAL, UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1. **For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria**:

   a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

   b. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

   a. The exhibits could not reasonably have been discovered earlier;

   b. The court and the opposing parties were promptly informed of their existence; and

   c. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

The parties must exchange exhibits no later than **April 9, 2024.** On or before **April 16, 2024,** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examine each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by the above exhibit exchange deadline.

1. At the exhibit conference, counsel will determine whether there are objections to the

admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference</u>.

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as joint exhibits and numbered as directed above. Joint exhibits **SHALL** be admitted into evidence upon introduction and motion of a party, without further foundation.

All joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g., JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with Exhibit 1 by the designation PX (e.g., PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g., DX501, DX502, etc.). The parties SHALL number each page of any exhibit exceeding one page in length (e.g., PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF JOINT EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|
|  |  |  |

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the

8

exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OBJECTION OTHER |
|---|---|---|---|---|
|  |  |  |  |  |

5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Objection Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

7. As to each exhibit which is not objected to in the index, it shall be marked and received into evidence and will require no further foundation.

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **May 2, 2024**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7. The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**L.   POST-TRIAL EXHIBIT RETENTION**

Counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the courtroom deputy following the verdict in the case. The parties' counsel **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**M.   DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE

ADMITTED AT TRIAL FOR ANY PURPOSE INCLUDING IMPEACHMENT OR REBUTTAL, UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

1. **Plaintiff's Documents**
   - Defendant's Requests for Admission to Plaintiff.
   - Plaintiff's Responses to Defendant's Requests for Admission.

2. **Defendant's Documents**
   - Defendant's Special Interrogatories to Plaintiff.
   - Plaintiff's Responses to Defendant's Special Interrogatories.
   - Defendant's Requests for Admission to Plaintiff.
   - Plaintiff's Responses to Defendant's Requests for Admission.
   - Defendant's Request for Production of Documents to Plaintiff.
   - Plaintiff's Responses to Defendant's Requests for Production of Documents.
   - All Rule 26 Initial Disclosures provided by Plaintiff.
   - Plaintiff's Deposition Testimony.
   - Exhibits attached to Plaintiff's deposition transcript.

**N.   FURTHER DISCOVERY OR MOTIONS**

No further discovery is sought by either party. The parties do not anticipate making further pretrial motions.

**O.   STIPULATIONS**

The parties have not entered into any stipulations.

**P.   AMENDMENTS/ DISMISSALS**

See Section I. above.

**Q.   SETTLEMENT NEGOTIATIONS**

The parties participated in mediation on August 31, 2023, but were not able to resolve the matter. Since then, the parties have met and conferred, and exchanged settlement demands, to no avail. Defendant does not believe that further mediation or a settlement conference with the Court

would be beneficial.

**R.    AGREED STATEMENT**

The parties do not believe presentation of all or part of the action upon an Agreement Statement of Facts is advisable.

**S.    SEPARATE TRIAL OF ISSUES**

None.

**T.    APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**U.    ATTORNEYS' FEES**

The parties reserve their rights to seek an award of attorneys' fees as appropriate as a post-trial motion.

**V.    TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **May 7, 2024**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California. Trial is expected to last 2-3 days.

**W.    TRIAL PREPARATION AND SUBMISSIONS**

**1.    Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **April 30, 2024**.

**2.    Jury Voir Dire and Joint Neutral Statement of the Case**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, and their jointly prepared neutral statement of the case, on or before **April 30, 2024**.

**3.    Jury Instructions & Verdict Form**

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **April 9, 2024**. The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **April 16, 2024**. At the conference, the parties **SHALL** attempt to reach agreement on jury

11

instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **April 23, 2024**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **April 23, 2024**, and identify such as the disputed jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction.  Each instruction **SHALL** be numbered.

X.  OBJECTIONS TO PRETRIAL ORDER

<u>Within 14 days after the date of service of this order</u>, the parties may file written objections to any of the provisions set forth in this order. The parties may file any replies to the objections within seven days. The objections shall clearly specify the requested modifications, corrections, additions or deletions. **If no objections are filed, the order will become final without further order of the Court.**

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

Y.  MISCELLANEOUS MATTERS

Counsel are advised that the Court's trial schedule, absent other court conflicts, is as follows: The first day of trial and until jury selection is completed, the trial day will begin at 8:30 a.m. and complete around 4:30 p.m. with an hour-long lunch break. Until the jury begins deliberating, the trial

day will begin at 8:00 a.m. and complete at 1:30 p.m. with no lunch break, though the trial will break for two breaks during the trial day. Once the jury begins deliberating, the jury will set their own schedule.

### Z. COMPLIANCE

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **March 25, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

Attachment A

The following is Plaintiff's Exhibit List, as incorporated here:

| No. | Date | Description |
|---|---|---|
| 1. | 9-23-19 | Administrative Enforcement Order |
| 2. | 9-24-19 | Declaration of Substandard Building & Notice of Pendency of Action. |
| 3. | 1-10-20 | 7-Day Notice and Order |
| 4. | 5-13-20 | Stipulated Agreement |
| 5. | 5-14-20 | COV Plan Check/Revision List |
| 6. | 5-15-20 | Termination of Declaration of Substandard Building |
| 7. | 5-15-20 | Grant Deed between Colonial Real Estate LLC, grantors, and Rashid Bissat and Shilo Bissat, grantees |
| 8. | 7-10-20 | 7-Day Notice and Order |
| 9. | 9-11-20 | 30-Day Notice and Order |
| 10. | 9-20 | Envelope of Unclaimed Certified Mail |
| 11. | 10-28-20 | Administrative Enforcement Order |
| 12. | 11-2-20 | USPS Certified Mail Receipt |
| 13. | 2-19-21 | Declaration of Substandard Building |
| 14. | 3-11-21 3-19-21 | Email exchanges between Tracy Robertshaw and Rashid Bissat |
| 15. | 3-25-21 | Notice of Fees Due |
| 16. | 4-8-21 | Email exchange between Tracy Robertshaw and Patricia Duran |
| 17. | 4-26-21 | Notice of Appeal of Administrative Order |
| 18. | 5-3-21 | Demolition Permit/Inspection Card |
| 19. | 5-2021 | Before and after pictures of demolished patio |
| 20. | 5-2021 | Photos of improvements made to interior of property located at 1932 S. University |

| | | |
|---|---|---|
| 21. | 5-2021 | Photos of bathroom remodel |
| 22. | 5-7-21 | David Magana Invoice |
| 23. | 3-7-21 | Property Listing Information/Price History |
| 24. | 5-10-21 | Electronic mail signed by Tom Contreras acknowledging receipt of sums paid by plaintiff to satisfy monetary fines or penalties imposed against plaintiff by reason of the Administrative Enforcement Order. |

Attachment B

The following is Defendant's Exhibit List, as incorporated here:

| No. | Date | Description |
|---|---|---|
| 1. | 9-23-19 | Administrative Enforcement Order |
| 2. | 9-24-19 | Declaration of Substandard Building & Notice of Pendency of Action. |
| 3. | 1-10-20 | 7-Day Notice and Order |
| 4. | 5-13-20 | Stipulated Agreement |
| 5. | 5-14-20 | COV Plan Check/Revision List |
| 6. | 5-15-20 | Termination of Declaration of Substandard Building |
| 7. | 5-15-20 | Grant Deed between Colonial Real Estate LLC, grantors, and Rashid Bissat and Shilo Bissat, grantees |
| 8. | 7-10-20 | 7-Day Notice and Order |
| 9. | 9-11-20 | 30-Day Notice and Order |
| 10. | 9-20 | Envelope of Unclaimed Certified Mail |
| 11. | 10-28-20 | Administrative Enforcement Order |
| 12. | 11-2-20 | USPS Certified Mail Receipt |
| 13. | 2-19-21 | Declaration of Substandard Building |
| 14. | 3-11-21<br>3-19-21 | Email exchanges between Tracy Robertshaw and Rashid Bissat |
| 15. | 3-25-21 | Notice of Fees Due |
| 16. | 4-8-21 | Email exchange between Tracy Robertshaw and Patricia Duran |
| 17. | 4-26-21 | Notice of Appeal of Administrative Order |
| 18. | 5-14-21 | Termination of Declaration of Substandard Building |
| 19. | 5-3-21 | Demolition Permit/Inspection Card |
| 20. | 5-2021 | Before and after pictures of demolished patio |

| | | | |
|---|---|---|---|
| | 21. | 5-2021 | Photos of improvements made to interior of property located at 1932 S. University |
| | 22. | 5-2021 | Photos of bathroom remodel |
| | 23. | 5-7-21 | David Magana Invoice |
| | 24. | 3-7-21 | Property Listing Information/Price History |
| | 25. | | Aerial Photos of 1932 S. University |
| | 26. | | Google Maps picture of N. Akers Road |