1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

RASHID BISSAT,

10
                    Plaintiff,

11
        v.

12

13
CITY OF VISALIA, A CALIFORNIA
MUNICIPAL CORPORATION AND
14
CHARTER CITY,

15
                    Defendant.

16
_____/

Case No.  1:21-cv-01649-JLT-SKO

**ORDER DIRECTING DEFENDANT TO
FILE SUPPLEMENTAL BRIEFING RE
MOTION FOR ATTORNEY'S FEES**

**5 DAY DEADLINE**

17
18      The undersigned filed an order on March 7, 2024, (Doc. 34) requiring Plaintiff to show

19 cause as to why sanctions should not issue for failing to comply with a previous Court order.  In

20 this order, the Court also invited the City of Visalia (the "Defendant") to file a motion for

21 attorney's fees.  (*Id.*).  Defendant filed their motion on March 15, 2024.  (Doc. 35).  In their

22 motion, Defendant contends that "[b]ecause sanctions are an appropriate response to the willful

23 disobedience of a court order, an award of reasonable attorney's fees in the sum of $7,500.99 in

24 favor of Defendant City of Visalia is warranted."  (Doc. 35-1 at 3).  This sum represents the total

25 fees incurred throughout the entire case.  (*See id.*).

26      Beyond attaching a summary of their billing records, Defendant does not attempt to

27 delineate which costs directly result from Plaintiff's failure to comply with court orders.  Instead,

28 Defendant requests that the Court award all the fees they have incurred litigating this case.  While

a Court may do so under egregious circumstances (*see Goodyear Tire & Rubber Co.*, 581 U.S. 101, 102 (2017)), Defendant has not established this is one of those instances.  An award of attorney's fees is intended to be a compensatory award following a "granular inquiry" connecting misconduct and specific expenses.  *Lu v. United States*, 921 F.3d 850, 863 (9th Cir. 2019). Defendant has not undertaken such an inquiry connecting misconduct and specific expenses. Without such substantiation, the undersigned cannot recommend awarding attorney's fees.

Accordingly, IT IS HEREBY ORDERED that **within five (5) days** of the entry of this order, Defendant SHALL file supplemental briefing, together with supplemental declarations and spreadsheets, if appropriate, itemizing which costs listed in its billing records can be connected to Plaintiff's misconduct. Defendant must also demonstrate how the costs are connected to Plaintiff's misconduct.

IT IS SO ORDERED.

Dated:   **April 16, 2024**                              */s/ Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

2