**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RASHID BISSAT,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF VISALIA, *a California municipal corporation and charter city*,<br><br>  Defendant. | Case No. 1:21-cv-01649-JLT-SKO<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS *IN LIMINE*, OVERRULING PLAINTIFF'S OBJECTIONS TO THE COURT'S PRETRIAL ORDER, AND ORDERING THE PARTIES TO MEET AND CONFER<br><br>(Doc. 41) |

The Court held a pretrial conference on March 25, 2024, with counsel for both parties present. (Doc. 42.) At the conference, the Court granted as unopposed all four of Defendant's motions *in limine*. (Doc. 40.) Pending are Plaintiff's two motions *in limine* regarding evidence expected to be presented at trial. (Doc. 41). Also pending are Plaintiff's Objections to the Court's Tentative Pretrial Order. (Doc. 46.) The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g).

## I.   BACKGROUND

Richard Bissat is the successor-in-interest to property located at 1932 South University Street, Visalia, California ("the property"), whereby he alleges that the City of Visalia ("City") permitted construction of a patio and structural enclosure thereon. (Doc. 1 at ¶¶ 5–6.) The City allegedly notified Bissat's predecessor-in-interest that "there was an unauthorized alteration in the

1

1  form of a cover" made to the patio and structural enclosure, in violation of the City's municipal
2  code. (*Id.* at ¶ 7.) The parties entered into a Stipulated Agreement, which provided Plaintiff with
3  deadlines to cure the alleged municipal ordinance violation, without imposing a fine or penalty on
4  Plaintiff, and without issuing Plaintiff a Declaration of Substandard Building, encumbering the
5  property. (*Id.* at ¶¶ 8–10.) As Bissat expended money and labor to remedy the issue, the City
6  purportedly mailed Plaintiff an Administrative Enforcement Order ("AEO"), which Plaintiff
7  alleges he never received, and that the City never properly served. (*Id.* at ¶¶ 13–16, 18–24.) The
8  AEO sought a fee of $6,300.00 for Plaintiff's municipal code violation. (*Id.* at ¶ 31.) Plaintiff
9  brings three causes of action against the City: (1) breach of contract; (2) violation of the
10 California Bane Act, Cal. Civ. Code § 52.1; and (3) violation of his procedural due process rights
11 pursuant to 42 U.S.C. § 1983. (*Id.* at 12–23.)

## II.     LEGAL STANDARDS GOVERNING MOTIONS *IN LIMINE*

13 "A motion in limine is a procedural mechanism to limit in advance testimony or evidence
14 in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation
15 omitted). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings,
16 the practice has developed pursuant to the district court's inherent authority to manage the course
17 of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citations omitted). "[A] ruling on a
18 motion *in limine* is essentially a preliminary opinion that falls entirely within the discretion of the
19 district court." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017)
20 (internal quotation marks and citation omitted). Importantly, "[t]he movant has the burden of
21 establishing that the evidence is not admissible for any purpose." *United States v. Wager*, 651 F.
22 Supp. 3d 594, 598 (N.D.N.Y. 2023) (citation omitted).

## III.    DISCUSSION

24 Plaintiff's seeks to preclude Defendant from offering any evidence pertaining to, or
25 referencing at all, the parties' Stipulated Agreement. (Doc. 41 at 1–3.) Plaintiff's second motion
26 *in limine* seeks to prohibit Defendant from referencing any evidence pertaining to the allegations
27 contained in the AEO. (*Id.* at 4.) In support of both motions, Plaintiff repeats that the primary
28 issue(s) for the jury are whether the City provided Plaintiff with notice of his alleged municipal

ordinance violation and granted him an opportunity to be heard in accordance with the Fourteenth Amendment's due process requirements, prior to penalizing him with a $6,300.00 fine.  (*Id.* at 2–3.)  According to Plaintiff, then, because he has "withdrawn" his breach of contract claim, the Stipulated Agreement and Plaintiff's alleged compliance or non-compliance with the AEO are irrelevant, may unfairly prejudice Plaintiff regarding his compliance with both documents, and carries the potential to confuse the jury regarding the issues.  (*Id.* at 3–5.)

      As a threshold matter, the Court agrees with Defendant that Plaintiff has not—to this point—sufficiently "abandoned" his breach of contract claim: he has not filed an amended complaint, conferred with opposing counsel regarding this claim, nor sought a stipulation from Defendant.  (Doc. 47 at 2.)  If the breach of contract claim is not dismissed, Plaintiff's motions *in limine* must be denied outright because both of Plaintiff's motions are contingent upon abandonment of this claim.

      A.  <u>Motion *in Limine* No. 1:  The Stipulated Agreement</u>

      Notwithstanding Plaintiff's breach of contract claim, the Agreement appears to be relevant to Plaintiff's claims under the Bane Act claim and his procedural due process claim.

      To begin, "[a] procedural due process claim has two elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."  *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1224 (9th Cir. 2021) (internal quotation marks and citation omitted).  "The touchstone of procedural due process is notice and an opportunity to be heard."  *Id.* at 1225 (citation omitted).  However, "due process is a flexible concept that varies with the particular situation," meaning that "what the Due Process Clause requires in any given case is a function of context."  *Id.* (cleaned up) (internal quotation marks and citations omitted).  These standards apply when a city government imposes a fee or penalty on a property-owner for allegedly violating municipal ordinance regulations.  *See, e.g.*, *Cordova v City of L.A.*, No. CV 14-8886 JAK (SS), 2016 WL 586702, at *6–*7 (C.D. Cal. Jan. 20, 2016) (City of Los Angeles issued Notice of Code Violation Inspection Fee assessment to property owner for several municipal code violations), *R.&R. adopted*, 2016 WL 578406 (C.D. Cal. Feb. 12, 2016).

Similarly, the Bane Act provides a private right of action to plaintiffs for damages against any person, whether acting under color of law or not, who interferes with or attempts to interfere "by threat, intimidation, or coercion, with the exercise or enjoyment" of their rights under the laws of the United States or California. Cal. Civ. Code §§ 52.1(b), (c). Plaintiff has not indicated that he intends to abandon this claim. (Doc. 1 at 13–19.)

As part of this claim, Plaintiff alleges that he was threatened and coerced into signing the Stipulated Agreement. (*Id.* at 14–15.) Second, Plaintiff argues that Defendant intentionally interfered with his procedural due process rights. (*Id.* at 17–19; *e.g.*, *id.* at ¶ 51.) Thus, notwithstanding Plaintiff's "abandoned" breach of contract claim, the Stipulated Agreement is still relevant for the jury to decide both the procedural due process § 1983 claim and the Bane Act claim. Regarding Plaintiff's Fourteenth Amendment claim, the jury must decide whether Plaintiff was afforded appropriate notice and an opportunity to be heard. *Cordova*, 2016 WL 586702, at *6.

Defendant contends that evidence of the Stipulated Agreement provides important context for other evidence related to whether Plaintiff received appropriate notice of subsequent enforcement proceedings. (*See* Doc. 47 at 3.) Regarding the Bane Act claim as presently alleged, Plaintiff asserts that the City coerced him into assenting to the Stipulated Agreement, Cal. Civ. Code § 52.1(b), and that Defendant intentionally interfered with Plaintiff's due process rights. *Id.* § (c).[1] To the extent Plaintiff intends to pursue his Bane Act claim, evidence referring to the Stipulated Agreement is relevant to that claim. To the extent Plaintiff intends to only pursue a Bane Act claim that incorporates the federal procedural due process violation, the Stipulated Agreement is relevant to that aspect of the Bane Act claim for the same reason it is relevant to the § 1983 claim, namely, it provides context for the notice analysis.

Accordingly, as the Agreement is squarely at issue before the trier of fact, there is no potential for either unfair prejudice or confusing the issues at trial. In other words, testimony and

---

[1] Plaintiff may rely on the same evidence for his Fourteenth Amendment claim and his Bane Act claim predicated on the same alleged constitutional violation. *See, e.g.*, *Rodriguez v. Cnty. of L.A.*, 654 F. Supp. 3d 1029, 1052 (C.D. Cal. 2023) ("[W]hen a Bane Act claim is based on an alleged federal constitutional violation, as here, plaintiff[] may rely on the same allegations to prove both that the defendant deprived them of a constitutional right and threatened, intimidated or coerced them under the Bane Act.") (quotation marks and citation omitted).

evidence regarding the Stipulated Agreement is "of consequence" in determining Defendant's liability and make such liability more or less probable than in their absence. Fed. R. Evid. 401(a)–(b). The Court is not convinced that Rule 403 balancing considerations exist to conclude otherwise. Any potential for confusion may be avoided by a limiting instruction. Plaintiff's first Motion *in limine* is **DENIED** on this basis.

### B.  Motion *in Limine* No. 2:  The AEO

Plaintiff argues that his "alleged compliance or noncompliance" with the AEO is irrelevant and outweighed by Rule 403 considerations of unfair prejudice and confusion of the issues among the jury. (Doc. 41 at 3, 4.) Plaintiff therefore seeks to preclude Defendant from offering any evidence or testimony regarding the AEO's allegations and terms.

Defendant does not dispute "that the jury should not try to determine whether Plaintiff was or was not out of compliance" with the AEO and municipal code regulations. (*Id.* at 5.) Instead, Defendant proposes "[a]n instruction along the same lines as those proposed *ante* is appropriate." (*Id.*). As both parties appear to agree that Plaintiff's compliance or noncompliance with AEO and municipal code is not relevant to the instant dispute, the Court **GRANTS** Plaintiff's motions on this basis. The parties shall develop an appropriate limiting instruction on this topic and **SHALL** file a proposed instruction **no later than April 30, 2024**.

### C.  Objections to Pretrial Order (Doc. 46)

Plaintiff has filed two objections to the Court's Pretrial Order, requesting that the Court remove certain facts in dispute. (Doc. 46.) As an initial matter, neither the Court nor the parties will read the terms or clauses of the Pretrial Order to the jury, making Plaintiff's objections immaterial. However, as both of Plaintiff's objections are wholly contingent upon the Court granting his motions *in limine*, in light of this Order, the Court **OVERRULES** Plaintiff's Objections (Doc. 46). *See id.* at 2 ("These items should be removed from the Disputed Facts Clause because they pertain to matters that will become irrelevant *should the Court grant the plaintiff's motion* [*in limine*].") (emphasis added), 4 (same regarding second objection).

## IV.  ORDER

Based on the foregoing, it is therefore **ORDERED** that:

(1) Plaintiff's first motion *in limine* (Doc. 41 at 1–4) is **DENIED**. The Stipulated Agreement remains relevant to the claims in this case as set forth above.

(2) Plaintiff's second motion *in limine* (Doc. 41 at 45) is **GRANTED** as unopposed.

(3) Plaintiff's Objections to the Tentative Pretrial Order (Doc. 46) are **OVERRULED**.

(4) The parties **SHALL** meet and confer regarding Plaintiff's "abandoned" breach of contract claim and **SHALL** file a jointly proposed limiting instruction, consistent with the Court's order above no later than **April 30, 2024**.

IT IS SO ORDERED.

Dated:   **April 17, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE