# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHID BISSAT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF VISALIA, A CALIFORNIA MUNICIPAL CORPORATION AND CHARTER CITY,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:21-cv-01649-JLT-SKO<br><br>**ORDER IMPOSING SANCTIONS ON PLAINTIFF'S COUNSEL AND GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**<br><br>(Docs. 34, 35) |

## I.  BACKGROUND

On November 12, 2021, Plaintiff Rashid Bissat filed the complaint in this action. (Doc. 1). Defendant City of Visalia filed its answer on March 4, 2022. (Doc. 8). On December 19, 2022, the Court set a Settlement Conference for May 11, 2023, and issued an "Order re Settlement Conference." (Docs. 14, 15). The order required the parties to submit a confidential settlement statement to the Court no later than fourteen days before the conference date. (Doc. 15 at 2). The Court did not receive a statement from Plaintiff.

The Court received Defendant's confidential statement in a timely manner. The statement stated that Plaintiff had not responded to Defendant's attempts to meet and confer as required by the Court's order. The parties were also required to appear for a pre-settlement telephonic discussion with the undersigned on May 4, 2023. (*See id.* at 4). Defendant appeared, but Plaintiff

did not appear.

On May 8, 2023, the Court issued the First Order to Show Cause (Doc. 17) requiring Plaintiff to demonstrate why the Court should not issue sanctions for failing to comply with the order (Doc. 15).  Plaintiff's attorney Zishan Lokhandwala filed a declaration on May 17, 2023, (Doc. 18), explaining that the failure to submit a confidential settlement conference statement and to appear at the pre-settlement telephonic conference was due to their "lack of familiarity with this Court as this is [their] first case before this Court." (*Id.* at 2).  The Court discharged the First Order to Show Cause.  (Doc. 19).  The Court reminded counsel that "familiarity with this Court's local rules, orders, and procedures is a requirement to practice in this Court (*see* E.D. Cal. Local Rule 180), and [the Court] CAUTIONS Attorney Lokhandwala that strict compliance with these rules, orders, and procedures is expected going forward; any further 'lack of familiarity' will not be countenanced." (*Id.*)

On October 10, 2023, the Court set a Settlement Conference for November 21, 2023, in an Amended Order re Settlement Conference.  (Doc. 20).  The order required the parties to submit an updated confidential settlement statement no later than fourteen days before the conference date (*Id.* at 2).  Plaintiff again failed to comply. The order also required the parties to appear for a pre-settlement telephonic conference with the undersigned on November 14, 2023. (*Id.* at 4).  Defendant appeared, but Plaintiff did not appear.  (*See* Doc. 23).  Defendant stated that Plaintiff continued to be nonresponsive to their communications.  The Court continued the Settlement Conference to February 13, 2024.  (Doc. 23).

On November 17, 2023, the Court issued the Second Order to Show Cause (Doc. 23) requiring Plaintiff to demonstrate why the Court should not issue sanctions for failing to comply with its order.   Mr. Lokhandwala filed a declaration on November 27, 2023, (Doc. 24), explaining that "the hearing date and submission deadline were not properly calendared in our firm's cloud-based docketing software due to an administrative error by my office: an error, potentially, that was caused by the confusion engendered when I missed the court's first deadline in this matter, exacerbated by its coevality with a major staff turnover in this office last spring." (Doc. 24 at 2).  Mr. Lokhandwala noted his mistake "was not intentional, nor was such failure

due to misunderstanding of the Rules of Federal Civil Procedure, or this court's order." (Doc. 24 at 2). The Court discharged the Second Order to Show Cause noting "Attorney Lokhandwala has failed to comply with Court orders twice now. The Court ADVISES Attorney Lokhandwala they will not receive additional warnings, and the Court will not tolerate future missteps." (Doc. 25).

The Court issued its Second Amended Order re: Settlement Conference on December 1, 2023, (Doc. 26), setting a telephonic pre-settlement conference for February 7, 2024, and requiring the parties to submit confidential settlement conference statements a week before the call (as the Court had done twice before). (Doc. 26). Both parties complied with the order. The Court found that a settlement conference on February 13, 2024, would not be productive based on the attorneys' representations at the telephone conference and continued the Settlement Conference to March 12, 2024. (Doc. 30). Following the pre-settlement telephonic conference, the Court issued the Third Amended Order re Settlement Conference. (Doc. 30). In the order, the Court required the parties to submit updated confidential settlement conference statements by February 28, 2024, and to attend a pre-settlement telephonic conference on March 5, 2024, in line with its previous orders. (Doc. 30). The order provided:

> **7.    Pre-Settlement Telephonic Conference**
>
> Prior to the Settlement Conference, Magistrate Judge Oberto will hold a brief, telephonic discussion on **March 5, 2024, at 4:00 PM (dial-in number: 1-888-557-8511; passcode: 6208204#)**. Only attorneys and unrepresented parties are required to participate in the conference.

(Doc. 30 at 4).

Both parties submitted their updated confidential settlement conference statements. (*See* Docs. 31, 32). Defendant appeared for the telephonic pre-settlement conference, and Plaintiff did not appear. (*See* Doc. 33). The Court entered an order vacating the settlement conference and required Plaintiff to show cause as to why sanctions should not issue for failing to comply with its order. (Doc. 34). The Court also noted that Defendant could file time records, billing statements, and a motion for attorney's fees that complies with the Local Rules for the Court's consideration within seven days of the order. (*Id.* at 4).

3

Defendant filed a motion for attorney's fees (Doc. 35) on March 15, 2024. Mr. Lokhandwala filed a declaration on March 17, 2024, (Doc. 36), as well as an opposition (Doc. 38) to Plaintiff's motion for attorney's fees.

## II.   DISCUSSION

### A.   Sanctions

#### 1.   Legal Standard

The Federal Rules of Civil Procedure are "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See e.g.,* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counselor of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. The Court also possesses an inherent authority to manage its own affairs as required to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Among the Court's inherent powers is the power to fashion an appropriate sanction for conduct which abuses the judicial process. *Lu v. United States*, 921 F.3d 850, 862 (9th Cir. 2019) (citing *Chambers v. NASCO, Inc.* 501 U.S. 32, 44–45 (1991)).

A Court may also impose sanctions and award attorney's fees under Fed. R. Civ. P. 16(f), and when a court determines that Rule 16(f) has been violated, it has broad discretion in fashioning an appropriate sanction. *See, e.g., Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). Rule 16(f) requires compliance with any "scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 16(f) applies regardless of a party acted intentionally, *see, e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001), and regardless of whether the non-compliance was done in bad faith, *see, e.g., Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999).

#### 2.   Analysis

In his declaration, Mr. Lokhandwala set forth the following to explain his failure to attend the March 5, 2024, telephonic pre-trial conference as required by Court order:

> [I believed] the objective of the said telephonic conference was solely to inform the Court in the event of a settlement, obviating the need for the subsequent Settlement Conference on March 12, 2024 . . . . I did not understand the Court to indicate the need for an additional pre-settlement conference telephone meeting unless the case was settled. In that case, I understood, the parties were supposed to participate in a follow up telephone conference to advise the court on the record of the settlement reached and its terms. When I received the court's order regarding the March 12, 2024 settlement conference, I assumed that the pre-settlement conference mentioned therein had been satisfied by the February 8, 2024 telephonic pre-settlement conference unless the matter actually settled.

(Doc. 36 at 3). Mr. Lokhandwala also states he intended to fully comply with the Court's order, as evidenced by his timely disclosure of his confidential settlement conference statement. (Doc. 36 at 4). Since he failed to appear for the telephonic pre-trial conference, Mr. Lokhandwala has purchased and commenced two sets of CLE programs. (*Id.*). The first, titled "Federal Court: Start to Finish," is "serving to fortify my understanding of the critical aspects of timeliness, decorum, demands on formality as opposed to casualness, and, among other things, encourages critical and sensitive reading of the written orders of the court following oral orders understood during telephonic, as well as personal appearances and the increased strictness in the above-referenced matters between Federal and State court proceedings as to what is expected of counsel." (Id. at 5). The second, "How to Marie Kondo Your Legal Practice: An Organizational Guide for Attorneys," is intended to "[fortify] my case management and calendaring techniques by exposing hypothetical situations where procedural errors often arise." (*Id.*).

To date, the Court has scheduled four telephonic pre-settlement conferences, and Mr. Lockhandwala has failed to appear for three of them. After Mr. Lokhandwala failed to appear for the first time in May 2023, he explained his failure to appear was because of his "lack of familiarity with this Court as this is [their] first case before this Court." (Doc. 18 at 2). The Court warned Mr. Lockhandwala that any "lack of familiarity" would not be countenanced moving forward. (*See* Doc. 19). When Mr. Lockhandwala missed the second telephonic pre-settlement conference, he stated the failure was an administrative error and not because he misunderstood the Court's order. (Doc. 24 at 2). Mr. Lokhandwala attended the third telephonic

5

pre-settlement conference without issue.

Mr. Lokhandwala now asserts he misunderstood the Court's order scheduling the fourth pre-settlement telephonic discussion. If true, Mr. Lokhandwala has done so willfully, as the Court had previously filed three nearly identical orders, which Mr. Lokhandwala admitted he understood. The Court finds that Mr. Lokhandwala willful failure to comply with court orders in this action warrants the imposition of monetary sanctions to deter such conduct in the future. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir.1990) (upholding sanctions for a lawyer's failure to attend a settlement conference); *Ford v. Alfaro*, 785 F.2d 835, 839-40 (9th Cir.1986) (upholding sanctions imposed after a lawyer failed to submit a pre-trial statement or attend a pre-trial conference). The Court will order sanctions in the amount of $500 to reimburse the Court for the time and resources expended as a direct consequence of Mr. Lokhandwala's actions. Since it is apparent that Plaintiff's attorney, but not Plaintiff himself, was solely responsible for failing to comply with the Court's orders, the Court will impose these sanctions solely on Mr. Lokhandwala. These sanctions are imposed based on the Court's inherent authority, as well as pursuant to the Court's authority under Fed. R. Civ. P. 16.

**B.   Attorney's Fees**

    **1.   Legal Standard**

A Court may award attorney's fees to compensate one party as a sanction for another party's bad-faith conduct. *Lu*, 921 F.3d at 862. When awarding attorneys' fees under its inherent authority, a Court "can shift only those attorneys' fees incurred because of the misconduct at issue." *Goodyear Tire & Rubber Co.*, 581 U.S. 101, 102 (2017)). To award attorney's fees, a Court must explicitly find a party acted (1) willfully or (2) in bad faith, and bad faith requires proof of intent or improper purpose. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021). The Supreme Court "has made clear that such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature." *Goodyear*, 581 U.S. at 107 (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826–830 (1994)). "In other words, the fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* (quoting

*Bagwell*, 512 U.S. at 829). "The court's fundamental job is to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct." *Id.* at 1187. "Therefore, the court must establish a causal link—between the litigant's misbehavior and legal fees paid by the opposing party." *Lu*, 921 F.3d at 860 (internal quotation marks omitted). In rare instances, a Court may shift all of a party's fees to the opposing party where the opposing party's entire course of conduct amounted to a "sordid scheme," or the party was fraudulent and "brazenly unethical." *Goodyear*, 581 U.S. at 110. Rule 16(f) also authorizes the payment of the attorneys' fees and costs incurred as a result of the non-compliance with the court order. *See* Fed. R. Civ. P. 16(f)(2). Before awarding attorney's fees, a Court must inquire into the reasonableness of the fees, including

> [T]he number of hours "reasonably expended" by counsel; the propriety of the hourly rate requested by counsel, given the skill and experience of counsel and the level of sophistication required for the legal services at issue; whether counsel has made a "good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary"; and the "level of success" obtained through counsel's efforts.

*Green v. Baca*, 225 F.R.D. 612, 614–15 (C.D.Cal. 2005) (quoting *Jordan v. Multnomah County*, 815 F.2d 1258, 1262–63 (9th Cir.1987)). The Court must also assess "the reasonableness of the fee in light of the totality of the circumstances." *Jordan*, 815 F.2d at 1263 n. 7.

**2. Analysis**

Based on Plaintiff's conduct, an award of attorney's fees is appropriate. *See Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (noting that inherent power to levy sanctions includes awarding attorneys' fees). Defendant filed a motion for $5,195.68, in attorney's fees. (Doc. 54 at 2). The Court finds an award of $2,523.93 in attorney's fees is appropriate based on Plaintiff's misconduct.

Defendant is represented by Leonard Herr of the law firm Herr Pedersen & Berglund, LLP. Mr. Herr has practiced law for more than 40 years. (Doc. 35-2 at 2). Until January 2024, the billing rate for all attorneys in Mr. Herr's office was $175.00 per hour, and the rate was $110.00 per hour for paraprofessionals. (*Id.*). Effective January 1, 2024, the hourly rate for attorneys was adjusted to $187.25/hour and $117.70/hour for paraprofessional staff. (*Id.*). Upon

consideration of the declarations and filings submitted by counsel, the attorney's experience, and other rates approved in this district, the Court finds that the requested rates are reasonable. *See Kang v. Credit Bureau Connection, Inc*., No. 1:18-CV-01359-SKO, 2023 WL 6811994, at *12 (E.D. Cal. Oct. 16, 2023) ("The Court has performed a comprehensive survey of attorney fees awarded in the Eastern District and finds current hourly rates range from $200 to $750 . . . .") (collecting cases); *id*. at *13 ("Paralegal rates within the Eastern District range from $75 to approximately $150.00 per hour, depending on experience.").

With regard to the time spent, Defendant contends all its expenses related to preparing for the various telephonic pre-settlement conference discussions after Plaintiff's first failure to appear are a direct result of Plaintiff's misconduct. The Court generally agrees. "Compensation for a wrong, after all, tracks the loss resulting from that wrong. So as we have previously noted, a sanction counts as compensatory only if it is calibrated to the damages caused by the bad-faith acts on which it is based." *Goodyear*, 581 U.S. at 108. Mr. Lokhandwala's actions delayed proceedings and required Defendant to spend the time itemized below preparing for conferences that did not come to fruition, which often involved convening the City Counsel, as Defendant is a public entity.

The Court, however, finds that a reduction in fees is warranted. While Defendant was required to prepare for telephonic pre-settlement discussions on multiple occasions, some of those efforts were unnecessary or redundant. After review of the Defendant's relevant billing records, the Court finds a downward reduction is appropriate on the following entries:

- 5/9/23: Defendant billed 1.25 hours to review discovery and the Court's order requiring Plaintiff to show cause after failing to appear for the telephonic pre-settlement conference. Defendant does not explain why it needed to further review its discovery after Plaintiff failed to appear, and any review of the court order would have been cursory, as it did not require any action from Defendant. The Court finds 0.25 hours reasonable.
- 10/24/23: Defendant billed 1.5 hours to review orders from the Court regarding the upcoming settlement conference. The Court finds a reduction warranted, as there had been little change in the case, and a decrease in the hours claimed is appropriate. The Court finds 0.25 hours reasonable.
- 11/9/23: Defendant billed 1.9 hours for reviewing court orders and settlement conference statements. At this point, the settlement conference offers had been

finalized (*see* billing statement) and any review could have been cursory based on the time already billed. The Court finds 0.5 hours reasonable.

- 1/29/24 and 2/1/24: Defendant billed a total of 1.85 hours to review Plaintiff's settlement demand, calculate his damages, and continue to review and edit the confidential settlement conference statement. It is not clear from Defendant's billing statements or attached documents why each review of largely the same information would require the amount of time billed. For instance, it is unclear why Defendant was reviewing Plaintiff's claimed damages at this stage of litigation. The Court finds a total of 0.5 hours reasonable.

- 2/9/24, 2/12/24, 2/14/24, 2/16/24: Defendant billed a total of 5.65 hours to review the Court order continuing the settlement conference, to review pleadings, and to draft a memo to the counsel. At this stage, any review of the pleadings or the Court's order continuing the settlement conference would have been cursory. Defendant has also failed to connect Plaintiff's misconduct to any memo it drafted to the council. For these dates, the Court finds 0.5 hours reasonable.

- 2/20/24: Defendant billed 2.5 hours to "[r]eview plaintiff's settlement demand; review document production; research 1031 exchanges; research delivery address; attend closed session." Defendant does not explain how document production review, 1031 exchanges, or attending the closed session is related to Plaintiff's failure to appear at a telephonic pre-settlement conference. For this date, the Court finds 0.5 hours reasonable.

- 3/12/24, 3/14/24: Defendant billed 6.5 hours to review and prepare its motion for attorney's fees. After Plaintiff filed its initial motion (Doc. 35), the Court directed Defendant to file supplemental briefing, as Defendant insufficiently delineated which costs directly result from Plaintiff's failure to comply with court orders. It is not clear why Defendant's motion required 6.5 hours, as Defendant's standard motion for attorney's fees was fewer than three total pages. The Court finds 2.0 hours reasonable.

With these amendments in mind, the Court finds Defendant's time spent reasonable considering the circumstances. *Jordan*, 815 F.2d at 1263 n. 7. The Court will award $2,523.93 in attorney's fees pursuant to Local Rule 110, the Court's inherent authority and its authority under Rule 16.[1] Defendant's fees, which include the Court's downward reductions, are itemized below.[2]

---

[1] Plaintiff contends that Defendant's motion is untimely. In the Court's March 7, 2024, order (Doc. 34), the Court provided Defendant 7 days to file a motion for attorney's fees, (Doc. 34 at 4), but the caption reflects that Defendant had 10 days to file a motion. Defendant filed the motion on March 15, 2024. (Doc. 35). The Court finds Defendant's motion was timely based on the conflicting deadlines listed in the Court's prior caption.

[2] The Court has applied a downward reduction to entries with an asterisk (*), and the original time Defendant billed is listed in parentheses.

| Date | Description | Hours | Amount |
|---|---|---|---|
| 5/4/23 | Plaintiff fails to appear for a pre-settlement telephonic discussion. | | |
| 5/8/23 | Review M/J Oberto's order continuing settlement conference and order to show cause to plaintiff's counsel; prepare email correspondence to C. Dunn and T. Robertshaw; download documents and process for transmittal | 0.5 | $87.50 |
| 5/9/23* | Review discovery and court order | 0.25 (1.25) | $46.81 |
| 10/2/23 | Review court docket and minute orders; conference with staff re upcoming settlement conference | 0.25 | $46.81 |
| 10/3/23 | Review order continuing mandatory settlement conference; review and respond to email exchange re settlement issues | 0.25 | $46.81 |
| 10/4/23 | Conference re upcoming mandatory settlement conference; prepare email correspondence to T. Robertshaw; review State Bar member portal re eligibility status of plaintiff's counsel | 0.75 | $140.44 |
| 10/24/23* | Reviews orders from the court re MSC and file | 0.25 (1.5) | $46.81 |
| 10/30/23 | Draft correspondence to Z. Lokhandwala and W. Romaine regarding settlement offer and finalize for processing | 0.3 | $35.31 |
| 11/3/23 | Draft confidential Settlement Conference Statement and Notice of Confidential Settlement Conference Statement; Finalize Confidential Settlement Conference Statement and Notice of Confidential Settlement Conference Statement for processing | 0.3 | $35.31 |
| 11/6/23 | Review and edit confidential settlement conference statement; instructions to staff | 0.35 | $65.54 |
| 11/9/23* | Review court orders and settlement conference statements | 0.5 (1.9) | $87.50 |
| 11/14/23 | Plaintiff fails to appear for a pre-settlement telephonic discussion. | | |
| 11/17/23 | Review order continuing settlement conference; prepare email correspondence to A. Guzman | 0.25 | $46.81 |
| 11/27/23 | Review M/J Oberto's order discharging OSC against Plaintiff's counsel | 0.25 | $46.81 |
| 1/2/24 | Review court order; instructions to staff | 0.25 | $46.81 |
| 1/22/24 | Draft correspondence to Z. Lokhandwala | 0.25 | $29.43 |
| 1/23/24 | Review and edit settlement letter to plaintiff's counsel | 0.25 | $46.81 |
| 1/26/24 | Draft Mandatory Settlement Conference Statement | 0.6 | $70.62 |

| | | | |
|---|---|---|---|
| | | and Notice of Submission of Settlement Conference Statement; Finalize and process for filing | | |
| 1/29/24, 2/1/24* | Review plaintiff's settlement demand; calculate plaintiff's damages; review and edit confidential settlement conference statement; review settlement demand, discovery and plaintiff's claimed damages | 0.5 (1.85) | $46.81 |
| 2/7/24 | Both parties appear for a pre-settlement telephonic discussion. However, the undersigned found the settlement conference slated for February 13, 2024, would not be productive. | | |
| 2/7/24 | Review file; telephone consult with LH; attend telephonic pre-settlement conference with M/J S. Oberto and counsel | 1.0 | $187.25 |
| 2/8/24 | Review M/J Oberto's order continuing settlement conference; review plaintiff's settlement demand; prepare email correspondence to M. Nicholson; review and respond to email correspondence with T. Robertshaw | 0.5 | $93.63 |
| 2/9/24, 2/12/24, 2/14/24, 2/16/24* | Review pleadings; review court order continuing settlement conference; prepare email correspondence to M. Nicholson; download document and process for transmittal; review and edit letter to plaintiff's counsel | 0.5 (5.65) | $93.63 |
| 2/16/24 | Draft correspondence to Z. Lokhandwala regarding written settlement offer | 0.25 | $29.43 |
| 2/20/24* | Review plaintiff's settlement demand; review document production; research 1031 exchanges; research delivery address; attend closed session | 0.5 (2.5) | $93.63 |
| 2/21/24 | Review latest settlement demand and City's response | 1.4 | $262.15 |
| | Review plaintiff's settlement offer; draft letter to plaintiff's counsel | 1.0 | $187.25 |
| 2/26/24 | Review Third Amended Order re Mandatory Settlement Conference Statement; prepare draft notice of submission | 0.2 | $23.54 |
| 3/4/24 | Review plaintiff's settlement conference statement; research street addresses; prepare for telephone conference with M/J Oberto | 0.75 | $140.44 |
| 3/5/24 | Plaintiff fails to appear at a pre-settlement telephonic discussion. | | |
| 3/5/24 | Telephone conference with LH and M/J Oberto; review plaintiff's email correspondence to court clerk | 0.35 | $65.54 |

11

| 3/12/24, 3/14/24* | Research local rules and case law supporting motion for attorney's fees; review client ledger; prepare notice of motion and motion for attorney's fees; prepare memorandum of points and authorities in support of motion; prepare declaration of counsel in support of motion for attorney's fees; review and edit points and authorities in support of motion for attorney's fees; review client billing ledger for redactions; review redacted billing invoices and calculate attorney's fees | 2.0 (6.5) | $374.50 |
|---|---|---|---|
| TOTAL | | 14.5 | $2,523.93 |

### III.  CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Pursuant to Local Rule 110, Fed. R. Civ. P. 16, and the Court's inherent authority, Plaintiff's attorney, Zishan Lokhandwala, is sanctioned in the amount of $500 for his failure to comply with the Court's orders. The amount of $500 in sanctions shall be payable to the Clerk of the Court;

3. Mr. Lokhandwala is required to pay attorney's fees to the Defendant in the amount of $2,523.93 based on his misconduct, payable to Defendant's counsel of record;

4. The sanction and award of attorney's fees must be paid within 14 days of this order;

5. Mr. Lokhandwala shall file a proof of payment within five (5) days of payment each payment; and

6. Failure to comply with this order may result in the imposition of further sanctions.

IT IS SO ORDERED.

Dated:  **May 13, 2024**              /s/ *Sheila K. Oberto*           
                               UNITED STATES MAGISTRATE JUDGE